**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 24 Hour Fitness USA, Inc., ) | No. CV 11-02426-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Edward Yong, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    We have before us plaintiff's motion to extend time to serve the complaint (doc. 9). Plaintiff filed proof of service on December 29, 2011, stating that defendant had been served by delivering the complaint to his attorney on December 12, 2011. (Doc. 5). In a status report filed March 20, 2012, plaintiff informed us that defendant's counsel was contesting service. (Doc. 8 at 1). Yet plaintiff waited until April 5, 2012, the deadline for service under Rule 4(m), Fed. R. Civ. P., to file this motion. Plaintiff has not shown good cause for its failure to serve defendant by another method. We are not required to extend the time for service under Rule 4(m).

    Absent a showing of good cause, we have discretion to extend the time for service. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). Time should be extended if plaintiff establishes excusable neglect. Lemonge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009). The test for excusable neglect derives from Pioneer Inv. Servs. Co. v. Brunswick

1  Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993) and Briones v. Riviera
2  Hotel & Casino, 116 F.3d 379, 381-82 (9th Cir. 1997).  We examine at least four factors: "(1)
3  the danger of prejudice to the opposing party; (2) the length of the delay and its potential
4  impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in
5  good faith."  Lemonge, 587 F.3d at 1192 (quoting Bateman v. U.S. Postal Serv., 231 F.3d
6  1220, 1223-24 (9th Cir. 2000)).  Other factors we may consider include "a statute of
7  limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."
8  Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation omitted).

9        Plaintiff provides no good reason for its failure to serve defendant through a method
10 other than service on his purported attorney.  Plaintiff has not acted in bad faith, but does not
11 appear to have made any effort to alternatively serve defendant.  There is little prejudice to
12 either party by granting or denying this motion.  Defendant has filed a motion to compel
13 arbitration in the United States District Court for the Northern District of California.  If that
14 motion is granted, this action becomes moot; if plaintiff's motion to transfer is granted, that
15 action will be transferred to this court.

16       Plaintiff asks for 60 additional days, but 30 is more than reasonable. We cannot allow
17 this case to linger much longer.

18       **IT IS ORDERED GRANTING** in part plaintiff's motion to extend time.  (Doc. 9).
19 Plaintiff shall serve defendant and file proof of valid service of process by May 5, 2012, or
20 this case will be dismissed for lack of prosecution under Rule 4(m), Fed. R. Civ. P.

21       DATED this 6th day of April, 2012.

22
23
24  Frederick J. Martone
    United States District Judge
25
26
27
28

- 2 -