**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 24 Hour Fitness USA, Inc., ) | No. CV 11-02426-PHX-FJM |
| Petitioner, ) | |
| ) | No. CV 11-02417-PHX-FJM |
| vs. ) | |
| ) | **ORDER** |
| Edward Yong, ) | |
| Respondent. ) | |
| ) | |
| 24 Hour Fitness USA, Inc., ) | |
| Petitioner, ) | |
| vs. ) | |
| Robert Decker, ) | |
| Respondent. ) | |
| ) | |

We have before us two nearly identical cases and pending motions. In case number CV 11-02426, we have before us petitioner's motion to strike the response of Edward Yong opposing petition to compel arbitration and extend petitioner's deadline to file reply brief (doc. 16) and respondent's response (doc. 18). In case number CV 11-02417, we have petitioner's motion to strike the response of Robert Decker opposing petition to compel arbitration and extend petitioner's deadline to file reply brief (doc. 23) and respondent's response in opposition (doc. 24).

1   Respondents filed competing petitions to compel arbitration in the United States
2 District Court for the Northern District of California one day before petitioner filed its
3 petitions here. Respondents now inform us that a special master has recommended that all
4 arbitrations proceed in the Northern District of California and petitions filed elsewhere by
5 petitioner, including the ones in these cases, be stayed.

6   Under the first-to-file rule, we may "decline jurisdiction over an action when a
7 complaint involving the same parties and issues has already been filed in another district."
8 Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). These petitions are
9 duplicative of the earlier-filed actions and unnecessary. Respondents are willing to arbitrate
10 their disputes with petitioner, as shown by their filing of petitions to compel arbitration in the
11 Northern District of California. In light of the history of these disputes in the Northern
12 District of California, shopping for an alternative forum is unusually inefficient.

13   Moreover, the parties' Arbitration Agreements provide: "We agree to settle the dispute
14 according to the provisions of the Federal Arbitration Act, 9 U.S.C. sections 1-16. All
15 disputes will be resolved by a single Arbitrator. The Arbitrator shall be selected by mutual
16 agreement of the parties." (Doc. 2, ex. C at 1). Petitioner "request[ed] that the Court compel
17 arbitration in accordance with the terms of the Arbitration Policy, in the District of Arizona."
18 (Doc. 1 at 2). But petitioner acknowledges that "the Agreement itself is silent on the location
19 of the arbitration hearing." (Doc. 1 at 9). Nothing in the contract provides that arbitration
20 must occur in Arizona or the place of employment. There is no merit to petitioner's
21 contention that the parties agreed to arbitrate their disputes in this District.

22   Petitioner was given an opportunity to show cause why its case should not be
23 dismissed as duplicative in 24 Hour Fitness USA Inc. v. Gasteiger, No. CV 11-02420-ROS-
24 PHX, after which Judge Silver entered an order dismissing the case (doc. 16 in CV 11-
25 02420). These cases are indistinguishable. We agree with her disposition. Accordingly,

26   In case number CV 11-02426, **IT IS ORDERED DENYING** petitioner's motion to
27 strike and petitioner's motion to extend its deadline to file a reply (doc. 16). **IT IS**
28 **FURTHER ORDERED DISMISSING** petitioner's petition to compel arbitration (doc. 1).

1   In case number CV 11-02417, **IT IS ORDERED DENYING** petitioner's motion to strike and petitioner's motion to extend its deadline to file a reply (doc. 23). **IT IS FURTHER ORDERED DISMISSING** petitioner's petition to compel arbitration (doc. 1).

The clerk shall enter final judgment in both cases.

DATED this 16th day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge